# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROSIE Y. CAMACHO,

      Appellant,

      v.

DEPARTMENT OF THE ARMY,

      Agency.

DOCKET NUMBER
SF-0752-10-0967-I-4

DATE: August 25, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dora Malykin, Esquire, Sumner, Deryn, Esquire, and Gilbert, Gary M., Esquire, Silver Spring, Maryland, for the appellant.

Dawn Dobbs, Esquire, and Robert J. Aghassi, Esquire, Fort Irwin, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as moot. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  We AFFIRM the initial decision with two modifications.  We find that, to the extent that the administrative judge failed to address the appellant's claims that the agency perceived her as disabled and violated her due process rights, any such error did not prejudice the appellant's substantive rights.

¶2      Prior to the action at issue, the appellant was told in a June 25, 2009 meeting that her GS-12 Program Analyst position with the Contractor Office Representative (COR) Section was to be realigned to the Reserve Management Branch (RMB), and, during a subsequent meeting several days later, she was given a written memorandum to that effect.  At that meeting, on June 30, 2009, she expressed to the Deputy Brigade Commander that she did not wish to leave her position in COR, and that she perceived the action as a demotion and an act of discrimination based on her race (Hispanic) and sex.  The Deputy Brigade Commander, who was to be the appellant's second level supervisor, made a statement to her in response that she construed as a threat.[2]  Nonetheless, the

---

[2] The appellant alleged that the Deputy Brigade Commander said, "I'll get you one way or another."  Given the appellant's strong opposition to the realignment, the context in which the alleged statement was made, and the lack of action by anyone who heard the statement, the administrative judge found that the appellant's assertion that the

plans for the realignment proceeded, although the appellant continued to strongly oppose them.[3] At subsequent meetings, she repeatedly expressed her concerns about the realignment to a variety of management officials, as well as her belief that she could not work with, or in the vicinity of, the Deputy Brigade Commander, based upon his alleged threatening remark. Her first day in RMB was to be September 14, 2009, but she never reported, providing evidence that she was suffering symptoms related to stress and had been diagnosed with anxiety disorder and panic disorder.[4]

¶3    On May 18, 2010, the agency directed the appellant to undergo a fitness-for-duty examination. The clinical psychologist who conducted the examination concluded that the appellant suffered from a legitimate anxiety disorder with panic attacks stemming from her resistance to the job realignment and the comment that she irrationally perceived as a threat on her life, and that it did not appear that she would be able to function well at work in the foreseeable future. MSPB Docket No. SF-0752-10-0967-I-2 (I-2), Initial Appeal File (IAF), Tab 8, Exhibit I. Thereafter the agency proposed to remove the appellant based on "Inability to perform (As a result of a Medical Condition)." I-1, IAF, Tab 9, Subtabs 4E-4F. On June 29, 2010, she filed an equal employment opportunity (EEO) complaint in which she alleged discrimination based on race, sex, and disability (anxiety disorder, major depression, asthma–back and chest), retaliation, harassment, and hostile work environment. I-2, IAF, Tab 8, Exhibit W. The agency subsequently upheld the proposed action, warranting the

---

statement was a threat and/or a threat on her life was unfounded. MSPB Docket No. SF-0752-10-0967-I-4 (I-4), Initial Appeal File (IAF), Tab 18, Initial Decision (ID) at 8.

[3] The agency undertook an investigation to address the appellant's concerns but it was determined that they were unfounded. MSPB Docket No. SF-0752-10-0967-I-1 (I-1), IAF, Tab 9, Subtab 4q.

[4] The appellant used a total of 750 hours of annual leave, scheduled and unscheduled, and donated leave, as well as 877 hours of leave without pay while absent from the agency from September 16, 2009, until her removal. ID at 6-7.

appellant's removal, effective July 30, 2010. I-1, IAF, Tab 9, Subtabs 4C, 4A; I-4, IAF, Tab 18, Initial Decision (ID) at 5-17.

¶4 On appeal, the appellant challenged the action, claiming disability discrimination and retaliation for protected EEO activity. I-1, IAF, Tab 2. The appellant subsequently added allegations of discrimination based on race, national origin, and sex. I-2, IAF, Tab 8. During a telephone conference, the agency representative stated that the agency intended to rescind the removal action.[5] *Id.*, Tab 19. The administrative judge indicated that, once the parties agreed that the appellant had been restored to the status quo ante, the hearing she requested would be held to address only her affirmative defenses of discrimination and retaliation for protected EEO activity. *Id.*

¶5 After the hearing, the administrative judge issued an initial decision in which she first addressed the appellant's allegation of disability discrimination. ID at 25. In so doing, the administrative judge focused on the appellant's condition during the time leading up to her removal. The administrative judge found that the appellant is a disabled individual, based on medical documentation establishing that she suffers from panic attacks, major depression, anxiety disorder, and asthma, and that she has disabling symptoms for which she was prescribed a significant variety of medications. ID at 25-26. The administrative judge found, however, that the appellant is not a qualified individual with a disability based on her description of the debilitating symptoms from which she suffered and the medications she took, as well as a lack of evidence from her psychiatrist that she could return to work. ID at 27-28. The administrative judge found that, even assuming arguendo that the appellant was a qualified individual with a disability, the agency was not required, as a reasonable accommodation, to

---

[5] The agency advised the appellant by letter of April 4, 2011, that her removal would be rescinded, that she would be reinstated with back pay and benefits, and that she was to report to duty on April 11, 2011. MSPB Docket No. SF-0752-10-0967-I-3, IAF, Tab 8, Exhibit TT.

assign her to a different supervisor.  ID at 28.  The administrative judge next addressed the appellant's allegation of retaliation for protected EEO activity but found that she did not establish her claim on the basis that she presented no credible evidence establishing retaliation by the deciding official or any other manager.  ID at 30-31.  The administrative judge considered the appellant's allegations of discrimination based on race, national origin, and/or sex but found that she did not establish them.  ID at 31-36.  Upon finding that the appellant failed to establish any of her affirmative defenses and that the agency had restored her to the status quo ante, the administrative judge dismissed the appeal as moot.  ID at 2, 36-38.

¶6        The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 8, the agency has responded in opposition, *id.*, Tab 14, and the appellant has replied to that response, *id.*, Tab 15.

The appellant's disability discrimination claim

¶7        The appellant argues that the administrative judge erroneously found that she is not a qualified individual with a disability who could have performed her duties with reasonable accommodation.  PFR File, Tab 8 at 21-25.  First, the appellant contends that she was able to perform the essential functions of the position.  Although the appellant challenged the realignment, at least in part on the basis that she was not qualified to perform the duties of the realigned position, the administrative judge, in fact, found that, even though the appellant never actually performed any of the duties, she was qualified to do so because her position description would have been unchanged and because she would have received any necessary training.  ID at 26-27.

¶8        Next, the appellant argues that the administrative judge erred in finding that no effective reasonable accommodation existed and ignored evidence that the appellant could perform with reasonable accommodation.  Specifically, the appellant argues that agency officials knew, because she told them, that she could

not work with the Deputy Brigade Commander but could work so long as she was not in close proximity to him and that he was planning to, and, in fact, did retire on the date of her removal. She also contends that she could have teleworked and that the agency should have accommodated her by extending her medical leave until after his retirement.

¶9      In finding that no effective accommodation existed for the appellant, the administrative judge relied upon medical evidence, specifically, a series of statements from the appellant's psychiatrist indicating that, based on her major depression, generalized anxiety, and panic disorder, she could not work in any capacity. ID at 27-28; I-1, IAF, Tab 9, Subtab 4d at 10-12, 16 (covering the period from October 16, 2009, to March 9, 2010). A second psychiatrist who began treating the appellant on February 10, 2010, stated that she was still not stable and was not fit to work, first until July 10, 2010, and then, until September 8, 2010, I-1, IAF, Tab 9, Subtab 4d at 1, 6, well after she was removed. The appellant's primary care doctor indicated on July 1, 2010, that the appellant could perform work, although she recommended a "different work environment" and "avoidance of previous stressors," but she nonetheless stated that the appellant was incapacitated, that is, unable to work, "to current." *Id.* at 2-4. Moreover, the primary care doctor specifically deferred all medical recommendations as to the appellant's condition related to the workplace to her psychiatrist "as he is a specialist in his field and has better ability to make clinical judgment . . . regarding her ability to return to the workplace." *Id.* at 9. We find, therefore, that the administrative judge gave due consideration to the medical evidence, *see Slater v. Department of Homeland Security*, [108 M.S.P.R. 419](#), ¶ 15 (2008), and that it supported her finding that the appellant is not a qualified individual with a disability because she could not perform her duties with or without accommodation.

¶10      Notwithstanding that finding, the administrative judge did consider the appellant's claim that, because of her difficulties with the Deputy Brigade

Commander, the agency should have assigned her to another supervisor. The administrative judge found that the agency was not required under the Americans with Disabilities Act (ADA) to transfer the appellant to another supervisor, citing *Weiler v. Household Finance Corp.*, 101 F.3d 519, 526 (7th Cir. 1996) (the ADA does not allow an employee to establish the conditions of her employment, notably, who will supervise her, and nothing in the ADA allows this shift in responsibility). ID at 28. On review, the appellant urges that, in *Kennedy v. Dresser Rand Co.*, 193 F.3d 120, 122-23 (2d Cir. 1999), such a per se rule was found to be inconsistent with ADA case law. In *Kennedy*, the court found that there is a presumption that a request to change supervisors is unreasonable and that the burden of overcoming that presumption lies with the employee. *Id.* We have considered the appellant's claim that, based on the alleged threat, she should be reassigned to another supervisor and not be required to have any interaction with the Deputy Brigade Commander, even though her position is within the Brigade. We find, however, that it is not sufficient to overcome the presumption that her request to change supervisors was unreasonable.

¶11    The administrative judge considered, but found not credible, the appellant's claim that she could have performed her duties if the agency had allowed her to telecommute as an accommodation. Specifically, the administrative judge found the appellant's claim inconsistent with her description of her symptoms which included frequent anxiety and panic attacks, major depression, sleep problems, uncontrollable crying episodes, chest pains, asthma attacks, and a general inability to care for herself or transport her son to school. ID at 21. Such inconsistencies and improbabilities are appropriate considerations in assessing credibility. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). The appellant's mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board. *Gager v. Department of Commerce*, 99 M.S.P.R. 216, ¶ 5 (2005). Moreover, the administrative judge noted that the appellant's first-line supervisor determined

that teleworking was not feasible, given that certain training was necessary in order for the appellant to assume her duties in the realigned position.  ID at 26-27.

¶12 Finally, as to the appellant's claim that the agency should have accommodated her by extending her medical leave until the Deputy Brigade Commander retired, she had already been absent from the workplace for 10 months by the time the agency proposed her removal.  She has not shown that the agency acted unreasonably in not further extending her absence from the work site, or that it was required to do so.

¶13 We find, therefore, that the appellant has not shown that the administrative judge erred in finding that the appellant was not a qualified individual with a disability who could have performed her duties with reasonable accommodation.

 The appellant's claim of perceived disability

¶14 The appellant also argues on review that the administrative judge failed to consider her claim that, by its action, the agency discriminated against her because it perceived her as being disabled.  PFR File, Tab 8 at 20-21.  The appellant raised this issue below, I-2, IAF, Tab 17 at 5-9, but the administrative judge did not address it.  We do so now.

¶15 The Americans with Disabilities Act Amendments Act of 2008 (ADAAA) defines a "disability," in relevant part, as "a physical or mental impairment that substantially limits one or more major life activities" or "[b]eing regarded as having such an impairment."  42 U.S.C. § 12102(A), (C); *see* 29 C.F.R. § 1630.2(g)(1)(i), (iii).  As to the "regarded as having such an impairment" provision, both the ADAAA and Equal Employment Opportunity Commission's (EEOC's) amended regulations explain that "[t]his means that the individual has been subjected to an action prohibited by the ADA as amended because of an actual or perceived impairment that is not both 'transitory and minor.'"  42 U.S.C. § 12012(3); 29 C.F.R. § 1630.2(g)(1)(iii); *see* 29 C.F.R. § 1630.2(l)(2).

The "regarded as" category covers individuals who are not disabled but who are regarded as disabled by others who have an effect on the individual's employment. *See Keown v. Crowell*, EEOC Appeal No. 01943171, 1995 WL 517042 at *6 (Aug. 24, 1995). The "regarded as" category applies to those who "do not in fact have the condition which they are perceived as having." *Groshans v. Department of the Navy*, 67 M.S.P.R. 629, 639 (1995). Here, the appellant consistently argued below that she is disabled, and the administrative judge found that she is disabled. ID at 25-26. The agency has not challenged that finding by filing its own petition for review, and therefore it is adopted as a finding of the Board. Because the appellant has been found to be a disabled individual, she cannot also claim that she is not disabled but that the agency discriminated against her because it regarded her as disabled. Therefore, to the extent that the administrative judge committed adjudicatory error in failing to consider this claim, any such error did not prejudice the appellant's substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

The appellant's claim of retaliation for protected EEO activity

¶16    On review, the appellant argues that the administrative judge improperly analyzed her claim by not employing a mixed-motive analysis. PFR File, Tab 8 at 17, 25-30. Deferring to EEOC, as it does on issues of substantive discrimination law, the Board has acknowledged that such an analysis is appropriate in a case involving a claim of reprisal for protected activity, including seeking an accommodation, under the Rehabilitation Act. *Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶¶ 19-22 (2013).

¶17    Based on our review of the record, however, the appellant's claim of retaliation was based on her having filed an EEO complaint. I-1, IAF, Tab 2 at 5; I-2, IAF, Tab 8 at 12, Tab 17 at 3; I-4, IAF, Tab 10 at 14. Because she did not raise below the claim of reprisal for protected activity under the Rehabilitation

Act, the Board need not now address it. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

¶18 In analyzing the appellant's claim of retaliation for having filed an EEO complaint, the administrative judge found that, because there had been a hearing and the record was complete, the question to be resolved was whether, upon weighing all of the evidence, the appellant met her burden of proving illegal retaliation. ID at 29; *see Simien v. U.S. Postal Service*, 99 M.S.P.R. 237, ¶ 28 (2005). The administrative judge considered the totality of the evidence, finding that the appellant had failed to show any suspicious timing or any similarly-situated employees who were treated better than she, and that the circumstantial evidence fell short of showing that any agency official had a motive to retaliate against the appellant because she had filed an EEO complaint. ID at 30-31.

The appellant argues that she filed her EEO complaint on June 28, 2010, and that, less than a month later, on July 23, 2010, the agency issued a decision to remove her. However, the agency proposed that action on June 14, 2010, before the appellant filed her complaint. Although the appellant urges that she engaged in protected activity before she filed her EEO complaint and even before she filed her informal complaint on February 22, 2010, she has not challenged the administrative judge's finding that she raised her EEO allegations only after she learned that her position was to be realigned. ID at 30. We therefore agree with the administrative judge that the appellant has not identified any suspicious timing connecting her protected EEO activity and the agency action.

¶19 Nor has the appellant shown that there were similarly-situated employees who were treated better than she but who did not file EEO complaints. On the contrary, as the administrative judge noted, the only comparator the appellant identified was the employee who was originally identified for the realignment but who, after filing an EEO complaint, was not selected for it. ID at 4, 30-31.

¶20    The appellant also challenges the administrative judge's finding that the deciding official made the decision that the appellant should be removed on his own and without input from other managers. Specifically, the appellant asserts that the Deputy Brigade Commander recommended to the deciding official that the appellant should be terminated, thereby influencing the adverse employment decision. In addition, the appellant claims that the proposing official also provided the deciding official with information upon which he relied in determining to remove the appellant. In examining retaliatory motive for an agency action, the officials "involved" in the action may encompass more than just the proposing or deciding officials and may include other officials upon whom the proposing or deciding official relied for information. *See Mangano v. Department of Veterans Affairs*, 109 M.S.P.R. 658, ¶ 30 (2008). The administrative judge found the deciding official's testimony, that it was his decision that the appellant be removed and that he was not pressured by anyone else regarding what decision he should make, to be straightforward, without bias, and otherwise credible, ID at 18-19, and similarly that, based on the proposing official's demeanor, there was no motive for him to be untruthful, ID at 19. The Board must give due deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at the hearing, and the Board may overturn credibility determinations only when it has "sufficiently sound" reasons for doing so. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Where, as here, an administrative judge has heard live testimony, her credibility determinations must be deemed to be, at least implicitly, based upon the demeanor of the witnesses. *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009). The appellant's mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board, *see Gager*, 99 M.S.P.R. 216, ¶ 5; *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980).

¶21	We find, therefore, that the appellant has not shown error in the administrative judge's finding that she failed to establish her claim that the agency retaliated against her for her protected EEO activity.[6]

The appellant's due process claim

¶22	Finally, the appellant argues on review that the agency committed a due process violation when the deciding official allegedly engaged in ex parte communications with other management officials without putting the appellant on notice. PFR File, Tab 8 at 19-20. The appellant raised this claim below, I-2, IAF, Tab 8 at 10, but the administrative judge did not specifically address it. As set forth below, to the extent that the administrative judge committed adjudicatory error by not addressing the appellant's due process claim, the error was not prejudicial to her substantive rights. *Panter*, 22 M.S.P.R. at 282.

¶23	It is well established that, when a deciding official receives new and material information by means of ex parte communications, a due process violation has occurred. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377 (Fed. Cir. 1999). In such a case, the remedy is for the Board to order the agency to cancel the action and to provide the former employee with a new constitutionally correct removal procedure. *Id.* However, it is not necessary to decide whether the agency committed a due process violation in this case. Even if the appellant proved this claim, the remedy, canceling the removal, has already occurred since, as previously noted, the agency determined during adjudication to take such action and did so.

---

[6] On review, the appellant challenges a number of the administrative judge's findings of fact. PFR File, Tab 8 at 30-34. Based on the appellant's arguments on review, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶24        Having correctly concluded that the appellant has failed to establish either of the claims that could have provided her with additional relief, *Currier v. U.S. Postal Service*, 72 M.S.P.R. 191, 197 (1996), the administrative judge properly dismissed the appeal as moot, *Harris v. Department of the Air Force*, 100 M.S.P.R. 452, ¶ 11 (2005). The appellant has received all of the possible relief she sought before the Board and the Board could grant no further effectual relief based on this claim.[7] *Currier*, 72 M.S.P.R. at 195.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

<u>Discrimination Claims:  Administrative Review</u>

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

---

[7] The appellant has not challenged on review the administrative judge's findings that she failed to establish her claims of discrimination based on race, national origin, and/or sex, and we discern no basis to disturb those findings.

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.